UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                    Chapter 11

ALAN G. FRIEDBERG,                        Case No. 06-10128 (SMB)

                    Debtor.
------------------------------------------------------X

**AFFIDAVIT AMENDING
THE DEBTOR'S STATEMENT
OF FINANCIAL AFFAIRS**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Alan G. Friedberg, being duly sworn, deposes and says that:

1. I am the Debtor herein, having filed a voluntary Chapter 11 case on January 20, 2006.

2. I submit this Affidavit in support of the instant amendment to my Statement of Financial Affairs. This amendment follows a review of an anonymous letter filed on the ECF case docket which wrongly imputes sinister motives to me. While I submit that this letter is unnecessarily inflammatory and ill-motivated, in reviewing my prior filings, I believe that further amplification of the pre-petition sale of my interest in property in Rock Hill, New York is appropriate.

3. Accordingly, question No. 10 is hereby supplemented with the following information. I previously owned a single family home known as 108 Lakeshore Drive South, Rock Hill, NY. The house was purchased by me in or about July of 2004 for the sum of approximately $450,000. I thereafter entered into a contract of

1

sale approximately ten months later with Jeffrey Miller in or about April of 2005 to resell the residence for $463,362.33. Upon my signing of the contract, I received the sum of approximately $94,000 representing (i) my equity in the residence measured as the difference between the purchase price of $463,362.33 and the existing mortgage and escrows; and (ii) reimbursement of certain expenses. Mr. Miller took possession of the property contemporaneously with the signing of a contract in April of 2005 and I had no further responsibility for the residence thereafter, as Mr. Miller assumed and paid all mortgage debt and expenses as of April 1, 2005.

4. This was an arms length negotiation with someone whom I have known for many years. The property had been shown by a licensed real estate broker prior to the sale to Mr. Miller. The purchase price was higher than any other offer which I previously received.

5. My equity and expenses of approximately $94,000 was deposited into my personal checking account at Community Bank of Sullivan County. Copies of the Community Bank records have been previously furnished to counsel representing my primary three creditors.

6. A work paper, which contained a reference to the sale along with other items, was provided to my counsel shortly before the Chapter 11 filing. However, it appears that the transaction with Mr. Miller was inadvertently not included in my Statement of Financial Affairs and supplements. Although I reviewed the papers closely, I did not initially pick-up on this oversight, although I note that my prior residence in Rock Hill, NY, as well as certain prior art transactions involving Mr. Miller, were listed.

Any failure to specify the Rock Hill sale was strictly inadvertent and unintentional. In fact, during the bankruptcy proceedings, I have supplied various creditors with reams of financial records including bank statements reflecting the deposit of the funds received from the sale in April of 2005. My prior ownership of the Rock Hill residence was a matter of public record and I had no intention of ever concealing it from anyone.

7. Additionally, I do not have, nor have I ever had, an interest in real property in Wolf Lake, Wurtsboro, NY, and only stayed there intermittently for a time in 2005. I stayed there as a guest of my friend, Andy Wittekind.

8. In the interests of providing the most complete disclosure possible, I received a refund of approximately $2,500 after the Chapter 11 filing based upon a return of certain retainer fees paid to an attorney in California (David Meadows). This sum was deposited in my DIP account and has been listed on various operating reports.

9. Finally, although I have repeatedly disclosed the sale of a leasehold interest by Berro Fund in October of 2005, and provided copies of the closing statement to my primary creditors, it should be understood that I previously acted as the agent for Berro Fund and held the lease at various times prior to a reassignment at closing so Berro Fund could effectuate a sale. Berro Fund or its affiliate originally acquired the lease and subsequently sold it to a third party in a highly complex and completely arms length transaction.

10. At all times, the leasehold interest remained on the books and records of Berro Fund and was included in Berro Fund's tax filings. Conversely, my personal interest was through a partial ownership of Berro Fund as duly noted throughout

3

my schedules. The leasehold interest was never included in any of my personal tax filings.

I declare under penalties of perjury that the information contained herein is true and correct to the best of my knowledge.

_____
ALAN FRIEDBERG

Sworn to before me this
18th day of September, 2006

_____
NOTARY PUBLIC

SYLVIA SHAVELSON
Notary Public, State of New York
No. 43-4687014
Qualified in Richmond County
Commission Expires June 30, 2007

H:\sylvia\word\Friedberg, Alan - Chapter\Affidavit in Support of Amendment to Statement of Financial Affairs 09-18-06 v2.doc

4