J. Ted Donovan, Esq. (JTD 1343)
Finkel Goldstein Rosenbloom & Nash, LLP
26 Broadway, Suite 711
New York, NY 10004
(212) 344-2929
Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

Hearing Date: May 1, 2007  
10:00 a.m.

------------------------------------------------------------X

In re:  

    ALAN G. FRIEDBERG,

Debtor.

Chapter 11  

Case No. 06-10128 (SMB)

------------------------------------------------------------X

## STATEMENT OF THE DEBTOR IN SUPPORT OF DISMISSAL OF CHAPTER 11 CASE

**TO THE HONORABLE STUART M. BERNSTEIN,  
UNITED STATES BANKRUPTCY JUDGE:**

    Alan G. Friedberg (the "Debtor"), by his attorneys, Finkel Goldstein Rosenbloom & Nash, LLP, respectfully shows this Court as follows:

    1.    The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 20, 2006 and has continued in possession of his property as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

    2.    The United States Trustee has moved to dismiss or convert this Chapter 11 case. For the reasons set forth below, the Debtor believes that this case should be dismissed.

3. The driving force behind the Chapter 11 filing has been the Debtor's desire to quantify and fix all potential claims that may be asserted against him arising out of his prior real estate development and construction activities, and in particular those arising in connection with Peck/Jones Construction Corporation ("Peck/Jones"), which filed its own bankruptcy proceeding in the Central District of California.

4. Many of these claims are contingent, unliquidated and disputed. The primary claims at issue concern Obayashi Corporation, a Japanese Corporation, OC America Construction, Inc. and Peck/Jones-Obayashi, a joint venture (collectively "Obayashi"); Greg Jones ("Jones"); and R. Todd Neilson, the Chapter 7 Trustee (the "Trustee") for the estate of Peck/Jones.

5. Obayashi and Jones each commenced adversary proceedings seeking to have their respective debts liquidated and found to be non-dischargeable. The deadline for the Trustee to object to discharge or dischargeability has been extended repeatedly as the Trustee continues his investigation into the financial affairs of Peck/Jones.

6. It was hoped that the instant Chapter 11 bankruptcy would afford the Debtor a forum in which to negotiate with these and other creditors, so that their respective claims could be liquidated and a plan worked out for payment of a dividend on their claims.

7. To that end, the Debtor and his counsel have repeatedly conducted talks with the creditors, and arranged for a loan from the Debtor's employer to be paid out of future commissions, which would fund the plan.

8. However, despite these repeated efforts, made in good faith by all parties in interest, the Debtor has been unable to make any real headway in his efforts to put together a workable Chapter 11 Plan.

9. Although a tentative settlement was reached with Jones, the Debtor has been unable to reach any meaningful agreement with the Trustee and Obayashi on any issues. Further, because the Debtor's attention has been focused on his defense of these actions rather than his work, his employer has raised concerns about the proposed funding of the Plan, placing the Debtor's ability to fund any settlements in jeopardy.

10. As this Court is aware, there is litigation on all of the major claims pending in California. The Debtor originally hoped that he could use the Chapter 11 case to simply his defense of this litigation, and as a platform for settlement negotiations. However, in light of the fact that he is being forced to litigate each claim under Section 523, and in light of his inability to negotiate a workable settlement, the Chapter 11 case is not providing the relief the Debtor had sought.

11. Moreover, as the claimants are continuing their litigation against co-defendants in California, the litigation of the Section 523 claims in this proceeding is actually complicating matters for all concerned, by forcing the parties to address these complex issues in separate actions in different courts, instead of having all of the parties together in California.

12. Predicated on the foregoing, the Debtor therefore believes it to be in the best interest of himself and his creditors that this case be dismissed, and for the parties to continue their efforts to resolve issues through the pending California litigation.

13. Counsel for the Debtor has spoken to the Office of the United States Trustee. Upon information and belief, the Debtor is current with his quarterly fees through the first quarter of 2007. Payment of fees due for the second quarter will be made prior to dismissal of the case.

WHEREFORE, the Debtor respectfully prays for the entry of an order dismissing this case, together with such other and further relief as this Court may deem just, proper and necessary.

Dated: New York, New York
April 30, 2007

FINKEL GOLDSTEIN
ROSENBLOOM & NASH, LLP
Attorneys for the Debtor
26 Broadway - Suite 711
New York, New York 10004
(212) 344-2929

By: _____
J. Ted Donovan (JTD 1343)


To: John N. Tedford, Iv, Esq. (via fax)
Lon Seidman, Esq. (via fax)
Julie Dyas, Esq. (via fax)
Andrew D. Velez-Rivera, Esq. (via fax)
Eric T. Moser, Esq. (via fax)

H:\sylvia\word\Friedberg, Alan - Chapter\Statenent in Support of Dismissal 04-30-07.doc